# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY TAYLOR and | ) | |
| SEAN HUMBLE, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | Case No. 11-CV-01255-BCW |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | COLLECTIVE ACTION |
| | ) | |
| GALAXY 1 MARKETING, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE AND CONSENT TO JOIN COLLECTIVE ACTION

Come now the Plaintiffs, Gregory Taylor and Sean Humble, by and through their attorneys, Law Offices of Douglas L. Carter, P.C., Law Offices of Charlie Dickman, LLC, and Holleman & Associates, P.A., and for their Motion for Approval of Notice and Consent to Join Collective Action, state and allege as follows:

1.      The Plaintiffs, former employees of Galaxy 1 Marketing, Inc., (hereafter "Galaxy 1" or "Defendant") brought this suit on behalf of all former and current Galaxy 1 employees who worked as satellite technicians and were paid on a piece-rate basis that did not meet the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA").[1]

2.      Plaintiffs bring this action pursuant to 29 U.S.C. § 216 (b).  That section provides, in part:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or

---

[1] First Amended Complaint (Doc. 8), ¶ 56 (1/31/2012).

1

State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[2]

Such actions are referred to as collective actions. The Supreme Court has held that district courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action.[3]

3.      Courts within this district and throughout the Eighth Circuit certify collective actions in two stages. At the first, or "notice" stage, the court decides based on the pleadings and any affidavits that have been submitted whether notice of the action should be sent to potential class members. The second stage typically occurs at the close of discovery, when the court entertains motions to decertify the class.[4]

4.      At the notice stage, courts do not weigh evidence or consider the merits of the case. "Conditional certification at the first stage requires nothing more than 'substantial allegations' or 'a colorable basis' for plaintiff's claim that the putative class members were together the 'victims of a single decision, policy or plan.'"[5]

5.      In its pleadings, Galaxy 1 "admits that all installation technicians were subject to the same policies and procedures."[6] Plaintiffs allege that those policies resulted in compensation that did

---

[2] 29 USC § 216(b).

[3] *Hoffman-La Roche Inc. v. Spering*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989).

[4] *Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 U.S. Dist. LEXIS 73038 (W.D. Mo. May 25, 2012) (adopting a two-step approach and noting that "other district courts in this Circuit have utilized a two-step process to approach the issue of whether plaintiffs are similarly situated.").

[5] *Harris*, 2012 U.S. Dist. LEXIS 73038, *3-6.

[6] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 34 (4/11/2012).

2

not meet the minimum wage and overtime requirements of the FLSA. Because all of Galaxy 1's satellite technicians were "victims of a single decision, policy or plan," conditional certification is appropriate in this case and notice should be sent to all potential class members.

6.     Plaintiffs' proposed notice is attached to their suggestions in support of this Motion as Exhibit 2. "The Court has the power and duty to ensure that the notice is fair and accurate, but should only alter a plaintiff's proposed Notice when such an alteration is necessary."[7] Plaintiffs propose to send the Notice via U.S. mail to all former and current employees of Defendant who worked as satellite technicians within the states of Missouri or Kansas at any time within the three years prior to the filing of this motion. The names and addresses of potential class members are available from Defendant.

7.     This Motion is supported by a memorandum brief being filed contemporaneously herewith.

WHEREFORE, Plaintiffs respectfully ask the Court to authorize the sending of Plaintiffs' proposed Notice and Consent to Join to all former and current Galaxy 1 employees who worked as satellite technicians within the states of Missouri and/or Kansas within the three years prior to the filing of this Motion; that the Court order Defendant to produce the names and last known addresses of all such persons; and for all other just and equitable relief to which they may be entitled.

Respectfully submitted,

By:     /s/ Douglas L. Carter
Douglas L. Carter, USDC #35759
LAW OFFICES OF DOUGLAS L. CARTER, P.C.
1220 Washington Street, Third Floor
Kansas City, MO 64105
Telephone:  (816) 283-3500

---

[7] *Harris*, 2012 U.S. Dist. LEXIS 73038, *8.

3

Facsimile:  (816) 283-3084

and

Charlie Dickman, USDC #50993
cdickman@dickmanlaw.com
LAW OFFICES OF CHARLIE DICKMAN, LLC
10034 N. Ambassador Drive
Kansas City, MO 64153
Telephone:  (816) 505-1906
Facsimile:  (888) 474-6649

and

John T. Holleman, ABN #91056
jholleman@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile:  (501) 975-5043

## CERTIFICATE OF SERVICE

I, Douglas L. Carter, hereby certify that a true and correct copy of the foregoing document was filed via the CM/ECF system, this the 31st day of December, 2012, and that the foregoing shall send notification of such filing to the following:

Michael R. Lied, Esq.
211 Fulton Street, Suite 600
Peoria, IL 61602

Paul D. Seyferth, Esq.
Julia D. Kitzmiller, Esq.
300 Wyandotte, Suite 430
Kansas City, MO 64105

By:    /s/ Douglas L. Carter
Douglas L. Carter

Attorney for Plaintiffs

4