IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY TAYLOR and | ) | |
| SEAN HUMBLE, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | Case No. 11-CV-01255-BCW |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | COLLECTIVE ACTION |
| | ) | |
| GALAXY 1 MARKETING, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF NOTICE AND CONSENT TO JOIN COLLECTIVE ACTION**

**I. INTRODUCTION**

The Plaintiffs, former employees of Galaxy 1 Marketing, Inc., (hereafter "Galaxy 1" or "Defendant") brought this suit on behalf of all former and current Galaxy 1 employees who worked as satellite technicians and were paid on a piece-rate basis that did not meet the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA").[1]

Galaxy 1 is in the business of providing satellite installation and repair services to DISH Network customers across the Midwest.[2] Galaxy 1 has locations in Colorado, Illinois, Indiana, Iowa, Massachusetts, Michigan, and Missouri.[3] The named Plaintiffs were based at Galaxy 1's Belton, Missouri location, from which they performed satellite installation and repair services throughout

---

[1] First Amended Complaint (Doc. 8), ¶ 56 (1/31/2012).

[2] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 15 (4/11/2012).

[3] *Id.* at ¶ 7.

1

the states of Missouri and Kansas.[4] The nature of the work and the travel time between jobs requires satellite technicians to work well over forty hours per week.[5] Prior to September, 2010, Galaxy 1 classified its satellite technicians as independent contractors.[6]

Galaxy 1 pays its satellite technicians on a piece-rate basis; the piece-rate pay scheme was in place when the satellite technicians were classified as independent contractors, and continued after they were reclassified as employees.[7] Some of the tasks assigned by Galaxy 1 to its satellite technicians–specifically, tasks designated "warranty work"–are not compensated at all.[8] Moreover, Galaxy 1 deducts the cost of tools and parts necessary for satellite installation and repair from the technicians' pay checks.[9] As a result, satellite technicians may work sixty hours or more in a week and earn the equivalent of $3.00 per hour or less[10]–far below the minimum wages provided for by federal and Missouri law.[11] Galaxy 1 does not compensate satellite technicians at overtime rates for work in excess of forty hours per week.[12]

While Galaxy 1 disputes some of the details of its pay scheme as alleged by Plaintiffs, the

---

[4] *Id*. at ¶ 16.

[5] First Amended Complaint (Doc. 8), ¶¶ 24-25 (1/31/2012).

[6] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 16 (4/11/2012).

[7] *Id*. at ¶ 17.

[8] First Amended Complaint (Doc. 8), ¶ 19 (1/31/2012); Affidavit of Sean Humble, attached hereto as Exhibit 1.

[9] First Amended Complaint (Doc. 8), ¶ 29 (1/31/2012); Affidavit of Sean Humble, attached hereto as Exhibit 1.

[10] *Id*. at ¶ 41.

[11] 29 U.S.C. § 206 (setting the federal minimum wage at $7.25 per hour); R.S.Mo. § 290.502 (setting the Missouri minimum wage at $6.50 effective January 1, 2007, to be adjusted annually based on the cost of living).

[12] First Amended Complaint (Doc. 8), ¶ 26 (1/31/2012); Affidavit of Sean Humble, attached hereto as Exhibit 1.

2

company "admits that all installation technicians were subject to the same policies and procedures."[13] As such, there is no dispute that all of Galaxy 1's satellite technicians are similarly situated for the purposes of the FLSA and that this lawsuit can proceed most efficiently as a collective action.

## II. ARGUMENT

Plaintiffs bring this action pursuant to 29 U.S.C. § 216 (b). That section provides, in part:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[14]

Such actions are referred to as collective actions. The Supreme Court has held that district courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action.[15] For the reasons set forth below, this Court should authorize the sending of such a notice to all employees who worked as installation technicians for Galaxy 1 at any time between December 14, 2008 and the present.

### 2.1. The Collective Action Standard.

The key issue in determining whether it is appropriate to send court-approved notice to potential members of the collective action is whether the persons to whom notice would go are similarly situated to plaintiffs.[16] The FLSA authorizes "similarly situated" employees to proceed

---

[13] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 34 (4/11/2012).

[14] 29 USC § 216(b).

[15] *Hoffman-La Roche Inc. v. Spering*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989).

[16] *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

3

collectively to recover damages for violations of the FLSA's overtime provisions.[17] The FLSA does not expressly define "similarly situated." Although the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have applied a two-step approach set out in *Lusardi v. Xerox Corp*.[18] At the first step, the "notice" stage, a district court conditionally orders the class to proceed as a collective action, reserving final determination of the collective action issue until after the conclusion of discovery.[19]

At the notice stage, the district court makes a decision–usually only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential class members. The Fifth Circuit has described the notice stage as follows:

> Because the Court has minimal evidence, this determination is made using a fairly lenient standard and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.[20]

The second step of the process occurs when the defendant moves to decertify the class.[21] This is typically done after the close of discovery when the Court has more information and is able to make a more informed decision.[22]

---

[17] 29 USC § 216(b).

[18] 118 F.R.D. 351 (D.N.J. 1987). *See Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 U.S. Dist. LEXIS 73038 (W.D. Mo. May 25, 2012) (adopting a two-step approach and noting that "other district courts in this Circuit have utilized a two-step process to approach the issue of whether plaintiffs are similarly situated."); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 U.S. Dist LEXIS 21307 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process").

[19] *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 U.S. Dist. LEXIS 21307 (E.D. Ark. Oct. 25, 2002).

[20] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

[21] *Ford v. Townsends of Arkansas, Inc.*, No. 4:08CV509, 2010 U.S. Dist. LEXIS 46093, at *9 (E.D. Ark. Apr. 9, 2010).

[22] *Id*.

4

The plaintiffs bear a light burden of proof at the notice stage. "Conditional certification at the first stage requires nothing more than 'substantial allegations' or 'a colorable basis' for plaintiff's claim that the putative class members were together the 'victims of a single decision, policy or plan.'"[23] "[D]etailed allegations supported by affidavits" are sufficient to meet plaintiffs' burden, and "the Court does not make any credibility determinations, make findings of fact regarding contrary evidence, or reach the merits of plaintiffs' claims" in conditionally certifying the class.[24]

**2.2.   Satellite Technicians are Similarly Situated for the Purposes of the FLSA.**

Galaxy 1 has admitted all of the facts essential to conditional certification of a collective action in this case. First, Galaxy 1 does not dispute that it employs satellite technicians other than the named Plaintiffs to perform the same duties. In its pleadings, Galaxy 1 responds to allegations about the named Plaintiffs with broad assertions about the duties and compensation of all its "technicians," "installation technicians," or "satellite installation and repair technicians."[25] This is consistent with the named Plaintiffs' testimony that Galaxy 1 employed many satellite technicians who performed the same job duties and were paid in the same unlawful manner.[26] Therefore, the named Plaintiffs are unquestionably part of a definable class of Galaxy 1 employees.

Galaxy 1 also admits that many of Plaintiffs' allegations concerning the company's policies are factually accurate. Specifically, Galaxy 1 admits that satellite technicians' duties required them

---

[23] *Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 U.S. Dist. LEXIS 73038, 3-6 (W.D. Mo. May 25, 2012).

[24] *Id.*

[25] See, *e.g.*, Def.'s Answer to First Amended Complaint (Doc. 14), ¶¶ 17, 21, 25 (4/11/2012).

[26] Affidavit of Sean Humble, ¶ 10, attached hereto as Exhibit 1.

5

to work more than 40 hours per week[27] and that it used a piece-rate system to calculate their compensation.[28] Galaxy 1 disputes only whether these policies resulted in compensation that did not meet the minimum wage and overtime requirements of the FLSA. Because that dispute goes to the merits of Plaintiffs' claims, it is not ripe for consideration and has no bearing on whether this lawsuit should proceed as a collective action.[29]

Most importantly, it is undisputed that "all installation technicians were subject to the same policies and procedures."[30] This is the defining characteristic of "similarly situated" employees under the FLSA, who need only allege that they have been "victims of a single decision, policy or plan."[31] Because all of Galaxy 1's satellite technicians were and are subject to the same policies, and because Plaintiffs allege that those policies violate the FLSA, conditional certification is appropriate in this case and notice should be sent to all potential class members.

### 2.3. Judicial Economy and the Broad Remedial Purposes of the FLSA Support Certification of This Action and the Issuance of Notice.

Some courts have considered factors such as judicial economy and the broad remedial purposes of the FLSA when weighing collective action certification requests.[32] The goal of judicial

---

[27] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 25 (4/11/2012) ("Defendant admits that its employees worked hours occasionally exceeding forty hours a week.").

[28] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 17 (4/11/2012) ("Defendant admits that as employees a piece-rate basis per task was a factor included in the employees' wage calculation.").

[29] *Harris*, 2012 U.S. Dist. LEXIS 73038, *5 ("At this [conditional certification] stage, the Court does not make any credibility determinations, make findings of fact regarding contrary evidence, or reach the merits of plaintiffs' claims.").

[30] Def.'s Answer to First Amended Complaint (Doc. 14), ¶ 34 (4/11/2012).

[31] *Harris*, 2012 U.S. Dist. LEXIS 73038, *4-5.

[32] *See, e.g. Hipp v. Liberty Life Ins. Co.*, 164 F.R.D. 574, 576 (M.D. Fla. 1996); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 619 (N.D. Tex 1979); *see also Hoffman La-Roche*, 493 U.S. at 170 (setting forth the potential advantages of collective actions).

6

efficiency weighs heavily in favor of certification of this collective action and the issuance of notice to potential members. Notice will permit "efficient resolution in one proceeding" of a discrete range of facts and legal issues applicable to all satellite technicians employed by Defendant.[33] Absent certification, dozens of individuals would be left to litigate in separate actions the same dispute presented here over Galaxy 1's failure to compensate its employees in accordance with the FLSA.[34] By certifying Plaintiffs' claim as a collective action, the Court can ensure consistent and efficient justice for all of Defendant's similarly situated employees.

## IV. CONCLUSION

Plaintiffs have more than met their burden to make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."[35] There is a "factual basis" from which the Court can conclude that similarly situated potential plaintiffs exist and that, therefore, notice should be sent to all such similarly situated former employees of Defendant.

Plaintiffs' proposed Notice is attached hereto as Exhibit 2. The notice presents this lawsuit in a neutral manner and is calculated to apprise recipients of their rights. It is patterned after collective action notices previously approved by this and other courts.[36] "The Court has the power and duty to ensure that the notice is fair and accurate, but should only alter a plaintiff's proposed

---

[33] *Hoffman La-Roche*, 493 U.S. at 170.

[34] *See Id* at 172 (notice prevents "multiplicity of duplicative suits" and can "expedite disposition of the action").

[35] *Kautsch v. Premier Commc'ns*, 504 F.Supp.2d 685, 689 (W.D. Mo. 2007).

[36] Plaintiffs' proposed notice is nearly identical to that approved in *Smith v. Frac Tech Servs.*, No. 4:09-CV-679, 2009 U.S. Dist. LEXIS 109930 (E.D. Ark. Nov. 24, 2009) and contains substantially the same information as the notice approved in *Harris*, 2012 U.S. Dist. LEXIS 73038.

7

Notice when such an alteration is necessary."[37] Plaintiffs propose to send the Notice via U.S. mail to all former and current employees of Defendant who worked as satellite technicians within the states of Missouri or Kansas at any time within three years prior to the filing of this motion. Plaintiffs propose that the deadline provided in the Notice for filing of the Consents To Join Collective Action should be no less than sixty (60) days from the date that Defendant provides Plaintiffs with the names and addresses of the potential class members.

Respectfully submitted,

By: /s/ Douglas L. Carter
Douglas L. Carter, USDC #35759
LAW OFFICES OF DOUGLAS L. CARTER, P.C.
1220 Washington Street, Third Floor
Kansas City, MO 64105
Telephone: (816) 283-3500
Facsimile: (816) 283-3084

and

Charlie Dickman, USDC #50993
cdickman@dickmanlaw.com
LAW OFFICES OF CHARLIE DICKMAN, LLC
10034 N. Ambassador Drive
Kansas City, MO 64153
Telephone: (816) 505-1906
Facsimile: (888) 474-6649

and

John T. Holleman, ABN #91056
jholleman@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile: (501) 975-5043

---

[37] *Harris*, 2012 U.S. Dist. LEXIS 73038, *8.

## CERTIFICATE OF SERVICE

I, Douglas L. Carter, hereby certify that a true and correct copy of the foregoing document was filed via the CM/ECF system, this the 31st day of December, 2012, and that the foregoing shall send notification of such filing to the following:

Michael R. Lied, Esq.
211 Fulton Street, Suite 600
Peoria, IL 61602

Paul D. Seyferth, Esq.
Julia D. Kitzmiller, Esq.
300 Wyandotte, Suite 430
Kansas City, MO 64105

By: /s/ Douglas L. Carter
Douglas L. Carter

Attorney for Plaintiffs