IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY TAYLOR, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-01255-BCW |
| | ) | |
| GALAXY 1 MARKETING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment (Doc. #123). For the following reasons, the Court grants-in-part and denies-in-part the motion.

**I.     BACKGROUND**

Defendant provides satellite installation and repair services to DISH Network's ("Dish") customers in multiple states across the Midwest. Plaintiffs are satellite technicians who worked for Defendant in Missouri and Kansas. Defendant initially classified the technicians as independent contractors but reclassified them as employees in September 2010.

Plaintiffs allege Defendant violated their rights under the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law ("MMWL"), and Missouri common law. Plaintiffs allege Defendant misclassified technicians as independent contractors before September 2010 and failed to pay minimum wage and overtime as required by law.

Plaintiffs filed the instant motion and seek summary judgment on three issues:

> (1) that Sean Humble, Phillip Gilliam, Charles Rodd, Tyrone Glover, John Hickman, and Albert Smith were misclassified as independent contractors;
>
> (2) that Torrence Barry, Sean Humble, Steve Clooney, Patrick Wroblewski, Conner Duffy, Stacy Gash, Freddie Gregg, Phillip

1

> Gilliam, Wayne Gardner, Courtney Karl, Christopher McCale, Charles Rood, Dana Stanton, Bruce Townes, Tyrone Glover, and Andrew Woodfin were deprived of overtime payment when [Defendant] did not include bonus payments when calculating their regular rate of pay for overtime hours; and
>
> (3) that Bruce Townes, Charles Rodd, Christopher McCale, Connor Duffy, Courtney Karl, Dana Stanton, Freddie Gregg, Gregory Taylor, Joseph Hamilton, Patrick Wroblewski, Phillip Gilliam, Robert Williams, Sean Humble, Stacy Gash, Steve Clooney, Torrence Barry, Tyrone Glover, Wayne Gardner, John Hickman, David Rosenzweig, and Albert Smith were driven below the minimum wage because of improper kickbacks.

Doc. #124 at 10. Defendant opposes the motion.

## II. LEGAL STANDARDS

A party may seek summary judgment on a claim, a defense, or a "part of [a] claim or defense . . . ." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. Id. The movant has the initial burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes this showing, the burden shifts to the nonmovant to set forth facts from which a rational trier of fact could find for it. Id.

## III. ANALYSIS

### A. Employment Status

Plaintiffs seek summary judgment on the employment status of several employees before September 2010. They argue that the undisputed facts demonstrate that Defendant controlled their businesses to such an extent that they were employees of Defendant and not independent contractors. Plaintiffs contend other courts have found workers in a similar situation to be

employees. See, e.g., Wells v. FedEx Ground Package Sys., 979 F. Supp. 2d 1006 (E.D. Mo. 2013).

The FLSA and MMWL establish certain rights for covered employees. See 29 U.S.C. §§ 201–219 (FLSA); V.A.M.S. 290.500–290.530 (MMWL). To determine whether a worker is a covered employee, courts analyze the economic reality of the relationship between the parties and consider several non-exhaustive factors including: (1) the extent of the alleged employer's control; (2) the degree of permanency and duration of the working relationship; (3) the method of payment; (4) the alleged employee's investment in equipment or materials for his task; (5) whether the service rendered requires special skill; and (6) the extent to which the work is the regular business of the alleged employer. See Pennington v. Integrity Commc'n, Inc., No. 1:12-CV5, 2014 WL 2106301 (E.D. Mo. May 20, 2014) (discussing FLSA factors); Wells, 979 F. Supp. 2d at 1014 (discussing MMWL factors).

After reviewing the record, the Court finds genuine issues of material fact preclude summary judgment on this issue. Admittedly, some of the above factors weigh in Plaintiffs' favor. For example, it is undisputed that the work performed by Plaintiffs is an integral part of Defendant's business and that some technicians worked for Defendant for several years and were not hired for one specific task or job. But other factors weigh in Defendant's favor such as the facts that Plaintiffs were required to purchase their own hand tools and were required to have a suitable vehicle to use for work.

In addition to factors favoring each side, summary judgment is further inappropriate because the parties dispute the extent of Defendant's control over the technicians. Plaintiffs contend that Defendant assigned them between three to nine jobs per day and that they were not allowed to turn down any assigned jobs or routes. Plaintiffs also argue they were required to

purchase hand tools and small parts from Defendant. Conversely, Defendant offers evidence that technicians were assigned three to four jobs per day and that they had the freedom to schedule their work. Defendant also provides evidence that technicians could refuse available jobs and could—but were not required to—purchase tools, equipment, and small parts from Defendant.

Plaintiffs argue their situation is similar to the plaintiffs in Wells. The Court disagrees. The facts in Wells were much more egregious than the record before this Court. For example, in the instant case, it is undisputed that Plaintiffs were required to have a vehicle and to display Defendant's sign on it. In Wells, the plaintiffs were subject to these requirements but, among other things, the vehicle also had to be painted "FedEx White," maintained in a "clean and presentable fashion," and had to be used exclusively in the service of FedEx (unless the logo was masked). Wells, 979 F. Supp. 2d at 1014. The Court finds this case to be more similar to Pennington. See Pennington, 2014 WL 2106301 at *4–8 (denying summary judgment). For all of these reasons, the Court denies summary judgment on this issue.

### B. Proper Calculation Of Regular Rate Of Pay

Plaintiffs next seek summary judgment that certain technicians were deprived of overtime payment because Defendant did not include bonus payments when calculating the regular rate of pay for overtime hours. Plaintiffs contend that the identified technicians worked overtime hours and received bonuses. Plaintiffs also argue Defendant failed to include the bonuses in calculating their adjusted regular rate of pay for overtime.

The FLSA and the MMWL generally require employers to include bonus payments in the regular rate of pay for overtime hours. See 29 U.S.C. § 207(e); 29 C.F.R. 778.109; 8 C.S.R. 30-4.010. Plaintiffs identify five bonuses offered by Defendant and argue Defendant should have included each bonus in calculating the adjusted regular rate of pay. Defendant does not

specifically respond to this argument and, notably, does not claim that it was allowed to exclude these bonuses in calculating the regular rate of pay. Based on this record, the Court finds Defendant should have included these five bonuses when calculating the regular rate of pay for overtime hours.

The Court, however, denies summary judgment to the extent Plaintiffs seek a specific ruling that the identified technicians were deprived of overtime payment. The undisputed facts do not establish that the identified technicians worked overtime hours and contemporaneously received a bonus that was not included in the overtime payment. See White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (explaining that a district court "is not obligated to wade through and search the entire record for some specific facts" (internal quotation omitted)). In other words, although the facts indicate certain technicians received a bonus during the statute of limitations period, there are no corresponding facts demonstrating that these technicians worked overtime hours during the relevant pay period. See Rikard v. U.S. Auto Protection, LLC, No. 4:11CV1580, 2013 WL 5421966, at *2 (E.D. Mo. Sept. 26, 2013) (finding the plaintiffs' regular rate of pay should have included commissions and bonuses but denying summary judgment on the issue of damages).[1]

### C. Wages Driven Below Minimum Wage By Required Kickbacks

Finally, Plaintiffs seek summary judgment that they received a subminimum wage because of required out-of-pocket expenses. Plaintiffs argue they were required to purchase tools and other necessary equipment from Defendant and were inadequately reimbursed.

---

[1] Defendant's principal response to Plaintiffs' motion is that summary judgment should be denied because Plaintiffs fail to establish the number of hours worked. This argument is misplaced. Plaintiffs must establish the hours for which they were not properly paid to prove liability, but the current motion only seeks summary judgment on parts of each claim. Therefore, Plaintiffs do not have to establish the number of hours for their motion to be granted. The cases cited by Defendant do not hold otherwise. See, e.g., Hertz v. Woodbury Cnty., Iowa, 566 F.3d 775 (8th Cir. 2009) (discussing the standard for constructive knowledge and the burden allocation for a claim for nonpayment of work during an established mealtime).

Plaintiffs also contend Defendant failed to adequately reimburse them for necessary out-of-pocket transportation expenses.

The Court finds that summary judgment is not appropriate on this issue. Plaintiffs offer general evidence that they were compensated $7.00 for vehicle and mileage expenses and $6.00 per job for small parts and that these amounts resulted in varying levels of reimbursements depending on the specific job. This general evidence is insufficient and fails to demonstrate that the reimbursement was unreasonable or that the identified technicians actually received a subminimum wage based on inadequate reimbursements. For example, Plaintiffs do not offer undisputed facts showing that an identified technician received a subminimum wage because the difference between his small part expenses and the $6.00 reimbursement reduced his earned wage to an amount below the required minimum wage. Absent more specific evidence, the Court finds summary judgment is not warranted.[2]

Plaintiffs cite several cases in support of their position. But these cases are not controlling and are distinguishable. As one example, the court in Smith v. Pizza Hut, Inc., No. 09-CV-01632, 2011 WL 2791331 (D. Colo. July 14, 2011), denied a motion to dismiss because the plaintiff plausibly alleged the defendant failed to reasonably approximate his vehicle-related expenses. Id. at *4 (finding the plaintiff sufficiently alleged the defendant under-reimbursed him in an amount of $0.79 per delivery or $1.89 per hour in 2009). This non-controlling case occurred in a different procedural posture and included allegations that allowed the court to calculate the amount of under-reimbursement.

Regardless, the Court also concludes that genuine issues of material fact preclude summary judgment on this issue. For example, Plaintiffs offer evidence that the $6.00 per job

---

[2] It is unclear from the record before the Court whether Defendant reimbursed technicians after the September 2010 conversion for hand tools purchased by the technicians before the conversion and still used after the conversion.

for small parts reimbursement was inadequate.  Conversely, Defendant offers evidence that the $6.00 per job to cover the cost of small parts or supplies used on the job was adequate and was based on studies Defendant performed.  This is a factual dispute that a jury must resolve.  For all of these reasons, the Court denies summary judgment on this issue.  Accordingly, it is hereby

ORDERED Plaintiffs' Motion for Partial Summary Judgment (Doc. #123) is GRANTED-IN-PART and DENIED-IN-PART.  The Court finds Defendant should have included the five identified bonuses when calculating the regular rate of pay for overtime hours and denies the rest of Plaintiffs' motion.

IT IS SO ORDERED.

DATE: August 28, 2014

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT